UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br>GHASSAN BOUARI HOUBOUS,<br><br>    Defendant. | Case No. 2:16-cr-00032-JCM-GWF<br><br>ORDER<br><br>(Mot Reopen Det – Dkt. #48) |

Before the court is Defendant Ghassan Bouari Houbous' ("Houbous") Motion to Reopen Detention Hearing (Dkt. #48). The court has considered the motion and the government's Opposition (Dkt. #51).

**BACKGROUND**

Houbous is charged in an Indictment (Dkt. #1) returned February 3, 2016, with money laundering in violation of 18 U.S.C. § 1956(a)(3)(A) and (B), aiding and abetting, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(3)(A) and (B). He made an initial appearance on February 8, 2016, was appointed counsel, arraigned on the indictment, and a detention hearing was held. Following the detention hearing, the court detained Houbous finding there was a serious risk that he would not appear because: (1) he was not a citizen of the United States; (2) immigration authorities had lodged a detainer against him; (3) he had substantial foreign ties to three different countries and dual citizenship in Chile and Lebanon; (4) he was married to a Turkish citizen who was currently out of the country; and (5) none of his personal information could be verified.

In the current motion he seeks to reopen his detention pursuant to 18 U.S.C. § 3142(f) based on what he argues is new information that shows he is not a flight risk. Specifically, Houbous states that Nevada attorney, Matthew Peirce, is currently working with Houbous to

1

1  manage his businesses and expenses and is willing to serve as a third-party custodian to ensure
2  he will appear at all required court appearances.  Mr. Peirce is also willing to let Houbous stay
3  with him at his home in Las Vegas, Nevada until he can rent an apartment, which he has the
4  financial wherewithal to do.

5        The motion acknowledges that Houbous' ties are mainly in New Jersey and Florida, but
6  states he is willing to reside in Las Vegas until resolution of this case and to be placed on GPS
7  monitoring.  Houbous owns a business in New Jersey and Mr. Peirce can verify his "personal
8  and business information."  Houbous was lawfully in the United States at the time of his arrest,
9  and immigration status is not a factor the court is authorized to consider under 18 U.S.C. §
10 3142(g), although he acknowledges that alienage may be taken into account.  The court has the
11 authority under 18 U.S.C. § 3142(d) to release someone with an immigration hold prior to trial
12 and allow him to deal with his immigration issues separately.  If immigration services fails to
13 take him within ten days, then he should be treated in accordance with the other provisions of 18
14 U.S.C. § 3142 which favor release prior to trial.  Finally, Houbous states that his passports are in
15 possession of employees in New Jersey, and that arrangements can be made to surrender the
16 passports to the court until the resolution of the case.

17       The government opposes the motion arguing that it "summarily claims" that attorney
18 Peirce can verify all of Houbous' personal and business information and ties to New Jersey and
19 Florida.  However, the motion fails to supply any additional information which might allow the
20 government, pretrial services, or the court, to evaluate the depth of Mr. Peirce's knowledge about
21 Houbous and his affairs, or the strength of his ties to Florida and New Jersey.  Government
22 counsel contacted a pretrial services officer who advised that neither defense counsel nor Mr.
23 Peirce had contacted him to update and verify any of the information contained in the previously
24 prepared pretrial services report.  The motion does not describe the relationship between
25 Houbous and Mr. Peirce, or why Mr. Peirce's information was not presented at the time of the
26 initial detention hearing.  Thus, his information is not newly discovered or changed
27 circumstances sufficient to support reopening of the detention hearing.
28

1  The government maintains it met its burden of showing a preponderance of evidence that the defendant was a risk of flight. Hiring an immigration attorney willing to vouch for him is insufficient to mitigate all of the factors noted by pretrial services and the court supporting his detention. The only family tie Houbous has to the United States is his brother, co-Defendant Emile Bouari, "who masterminded the entire money laundering scheme." This defendant had a temporary authorization to be in the United States under an "E-2" visa which is a visa issued to persons who invest money in a United States business. ICE has questioned the legality of the Defendant's status in this country and has lodged a detainer against him.

The government's opposition also relates the underlying circumstances of the indictment and allegations that Houbous' various business holdings constituted an integral part of the mechanism used to launder approximately $590,000 in funds believed by the defendants to be proceeds derived from narcotics trafficking, and transporting, recruiting and harboring persons for commercial sex acts. The opposition reiterates arguments made during the detention hearing about the nature of the offenses charged, including Houbous' communications with an undercover FBI agent discussing opening various prostitution parlors in Florida for which Houbous proposed he would recruit Asian, Latin, and Russian women as commercial sex workers. The government submits that Houbous would have a "ready escape route" to flee to any foreign country, including foreign countries with whom the United States does not have extradition agreements based on his knowledge of international human smuggling pipelines. Thus, there are no conditions or combinations of conditions that would reasonably assure his appearance at trial.

**DISCUSSION**

A detention hearing may be reopened only "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing," and that the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required, and the safety of any other person and the community." 18 U.S.C. § 3142(f). As the court noted in *United States v. Ward*, 63 F. Supp. 2d 1203 (C.D.

1  Cal. 1999), "courts have interpreted this provision strictly, holding that hearings should not be
2  reopened if the evidence was available at the time of the initial hearing." *Id*. at 1206.
3      Having reviewed and considered the moving and responsive papers, the court finds that
4  Houbous has not met his burden of establishing that there is new evidence not known to him at
5  the time of the detention hearing that has a material bearing on whether there are conditions of
6  release that can reasonably be fashioned to assure his appearance at trial. Accordingly,
7      **IT IS ORDERED** that Houbous' Motion to Reopen Detention Hearing (Dkt. #48) is
8  **DENIED**.
9      DATED this 15th day of June, 2016.

                              PEGGY A. LEEN
                              UNITED STATES MAGISTRATE JUDGE