UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:16-CR-32 JCM (GWF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| EMILE EDWARD BOUARI, et al., | |
| Defendant(s). | |

Presently before the court is defendant Ghassan Bouari Houbous's motion to review and amend the magistrate judge's order of detention. (ECF No. 54). The government has filed a response, (ECF No. 55) and the defendant has filed a reply (ECF No. 56). Because defendant has filed this motion pursuant to 18 U.S.C. § 3145(b), (ECF No. 54) this court will only review the initial order of detention (ECF No. 33).

I. **Background**

Defendant has been charged with one count of money laundering and one count of conspiracy to commit money laundering. (ECF No. 1). On February 8, 2016, Magistrate Judge Leen ordered that defendant be detained. (ECF No. 26). On June 3, 2016, defendant requested that the detention hearing be reopened. (ECF No. 48). This motion was denied by Magistrate Judge Leen on June 16, 2016, for a lack of indication that defendant had obtained evidence unavailable to him earlier. (ECF No. 52). Defendant thereafter filed the present motion pursuant to 18 U.S.C. § 3145(b). (ECF No. 54).

II. **Legal Standard**

Title 18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate judge . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The standard of review is de novo. *See, e.g.*, *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990); *United States v. Leon*,

**James C. Mahan**
**U.S. District Judge**

766 F.2d 77, 80 (2d. Cir. 1985).  The court must review the evidence presented to the magistrate judge and make "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention.  *Koenig*, 912 F.2d at 1192–93.  The court may, but need not, hold an evidentiary hearing to make this determination.  *See id.*

Pursuant to 18 U.S.C. § 3142(e), the court must detain a defendant if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  The statute provides a list of factors for the court to consider in determining whether detention is necessary: "(1) [t]he nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g).

**III.   Discussion**

As defendant challenges the magistrate judge's finding that he is a flight risk, (ECF No. 54) the government must show that defendant is a flight risk by a preponderance of the evidence.  *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

Here, Magistrate Judge Leen ordered defendant to be detained because she found that "[t]here [was] a serious risk that the defendant will not appear" for future proceedings. (ECF No. 33 at 2).  Specifically, the magistrate judge found that:

> [T]he defendant is not a citizen of the United States and immigration authorities have lodged a detainer against him. The defendant has substantial foreign ties to three different countries, and he has dual citizenship in Chile and Lebanon. Additionally, he is married to a Turkish citizen who is currently out of the country. Finally, none of his personal information could be verified.

*Id.*

Defendant now argues that he should be released to his civil attorney, who would be defendant's third-party guardian and supposedly could verify defendant's information.  (ECF No. 54).  Defendant also suggests that he be placed on GPS monitoring.  (*Id.*).

The government opposes this request, arguing that defendant is flight risk because Pretrial Services Officer Tim Lowrance informed the government that "neither defense counsel nor Mr.

**James C. Mahan**
**U.S. District Judge**

Peirce, Esq. had contacted him to update and verify any of the information contained in the previously prepared Pretrial Services Report." (ECF No. 55 at 3). Additionally, the government suggests that the information asserted in defendant's motion was either known or should have been known by the detention hearing date or the time he filed his first motion. (*Id.*).

The government further asserts that defendant is tied to the United States only by his relationships with his codefendants. (*Id.* at 8). The government argues that defendant has failed to produce information regarding his involvement with either the "Bourari Group LLC" or the "Bourari Cherry Hill" company. (*Id.* at 8).

To determine whether there are conditions that would "reasonably assure the appearance of the person as required and the safety of any other person and the community," the § 3142(g) factors are applied to this case. 18 U.S.C. § 3142(g). First, this court considers "[t]he nature and circumstances of the offense charged." *Id.* The underlying factual allegations of the alleged charges against defendant include "[d]efendant Houbous's and his codefendants' various business holdings constitut[ing] an integral part of the mechanism used by them to launder approximately $590,000 in funds believed . . . to have been proceeds derived from narcotics trafficking and from transporting, recruiting, harboring persons for commercial sex acts." (ECF No. 55 at 8). As defendant was therefore allegedly involved in the trade of narcotics, this factor—by statute—weighs against his release. 18 U.S.C. § 3142(g)(1).

Second, this court considers "the weight of the evidence against the [defendant]." 18 U.S.C. § 3142(g)(2). Here, there may be applicable evidence against the defendant. (*See* ECF No. 55). For example, defendant allegedly spoke to an undercover FBI agent about "opening various prostitution parlors in Florida for which the Defendant was proposing he would recruit Asian, Latin, or Russian women as commercial sex workers." (ECF No. 55 at 9). This court makes these determinations cognizant that "[a]lthough [18 U.S.C. § 3142(g)] permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Motamedi*, 767 F.2d at 1408. However, these considerations are probative of the defendant's possible threat to the community and incentive to abscond. *See id.* ("These factors may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community.").

Third, this court considers "the history and characteristics of the [defendant]." 18 U.S.C. § 3142(g)(3). In his motion, defendant asserts *inter alia* that attorney Matthew Peirce could serve

**James C. Mahan**
**U.S. District Judge**

- 3 -

as his third-party custodian and that defendant would live with Peirce until he found his own lodging. (ECF No. 54). In his reply, defendant also argues that the government was incorrect when it stated in its response that Peirce had not contacted pretrial services and suggests that Peirce would do so at an unspecified future date. (ECF No. 56). Upon review of the docket, this court finds no indication that this proposed communication has occurred.

It further appears that defendant's ties to the District of Nevada are minimal:

> The Defendant was born in Lebanon but holds dual citizenship, as well as valid dual passports[] in both Lebanon and Chile. The Defendant has extensively traveled to and resided in Lebanon, Nigeria, and Dubai. He has strong ties to foreign countries and few ties to the United States. At the time of his arrest, Defendant Houbous'[s] mother and sister resided in Lebanon. Also at that time his wife, a citizen of Turkey, and his minor child were residing in Turkey.

(ECF No. 55 at 7).

Therefore, defendant clearly has strong ties outside of the District of Nevada; they are not overcome by his motion's arguments. Consequently, this factor weighs against him.[1]

Fourth, this court considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Defendant has been indicted on charges of money laundering and conspiracy to commit money laundering in relation to "narcotics trafficking, that is, the possession and sale of illegal controlled substances; and from transporting, recruiting and harboring and causing the [same] of persons for commercial sex acts." (ECF No. 1 at 9, 10). The amount of funds at issue is considerable: roughly $590,000. (ECF No. 55). Thus, this factor also weighs against defendant due to the nature of the alleged underlying activities producing the money the defendant allegedly laundered or conspired to launder and the large amount of money allegedly at issue.

### IV. Conclusion

Upon de novo review of the magistrate judge's order of detention, (ECF No. 33) and in consideration of the factors outlined in 18 U.S.C. § 3142(g), the government has shown by a preponderance of the evidence that the defendant poses a flight risk. Therefore, the magistrate judge correctly ordered defendant's detention.

---

[1] This consideration is not based on the presence of a detainer against defendant—doing so may constitute error in some circumstances. *See United States v. Santos-Flores*, 794 F.3d 1088, 1091–92 (9th Cir. 2015).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to review and amend the magistrate judge's order of detention, (ECF No. 54) be, and the same hereby is, DENIED.

DATED December 6, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**